Filed 4/4/24  P. v. Robertson CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Butte)

----

| | |
|---|---|
| THE PEOPLE, | C097567 |
| Plaintiff and Respondent, | (Super. Ct. No. CM021130) |
| v. | |
| TEOTIS LAMARK ROBERTSON, | |
| Defendant and Appellant. | |

Defendant Teotis Lamark Robertson appeals from his resentencing pursuant to Penal Code section 1172.75.[1]  Defendant argues the trial court erred in failing to grant him a full resentencing.  He further contends the court erred in failing to award sufficient custody credits.  We will modify the credits and otherwise affirm the judgment.

---

[1]  Undesignated statutory references are to the Penal Code.

1

## FACTUAL AND PROCEDURAL BACKGROUND

In June 2007, defendant pleaded no contest to second degree robbery.  (§ 211.)  He also admitted a firearm enhancement (§ 12022.53, subd. (b)), a prior strike (§§ 667, subds. (b)-(i), 1170.12, subds. (a)-(d)), a prior serious felony (§ 667, subd. (a)), and a prior prison term (former § 667.5, subd. (b)).  He stipulated to the upper term on the robbery charge.  Additional allegations were stricken.  Later that month, the trial court sentenced defendant to state prison for an aggregate term of 28 years, including:  10 years for the robbery count (the upper term of five years doubled due to the strike); 10 years consecutive for the firearm enhancement; five years consecutive for the prior serious felony enhancement; two years consecutive for a 2005 conviction for sexual battery on a restrained person (§ 243, subd. (a)); and one year consecutive for a prior prison term enhancement (former § 667.5, subd. (b)) associated with the 2005 conviction.  In subsequent proceedings, the court awarded 631 days of custody credit, consisting of 549 actual and 82 conduct days.  This court affirmed the judgment on appeal.  (*People v. Robertson* (May 23, 2008, C056802) [nonpub. opn.].)

In August 2022, the trial court set a resentencing hearing pursuant to sections 1172.7 and 1172.75.  Defendant filed a brief asking the court to dismiss the prior prison term enhancement because it was now invalid, pursuant to Senate Bill No. 483 (2021-2022 Reg. Sess.) (Stats. 2021, ch. 728, § 3.)  Relying on section 1385, defendant further argued the court should dismiss the 10-year firearm enhancement and five-year prior serious felony enhancement.  Defendant noted the application of the enhancements resulted in a sentence greater than 20 years, multiple enhancements were alleged, and the prior serious felony conviction was for a conviction that is over five years old.  (§ 1385, subds. (c)(2)(C), (B), & (H).)  Defendant further argued the court must consider "[defendant's] record of post-conviction rehabilitation at CDCR, his age, and the time remaining on this sentence without the enhancements."

The prosecution filed a reply arguing the trial court should exercise its discretion and decline to dismiss the firearm and prior serious felony enhancements because it was not in the interest of justice to do so. The prosecution further argued the upper term for the robbery count remained appropriate because defendant was "exceptionally dangerous." The prosecution also pointed to defendant's three prior felony convictions and noted defendant had cited no mitigating factors.

During the October 2022 resentencing hearing, the trial court stated it had read and considered the court's file, the parties' briefs, the current sentencing rules, and "other changes in the law that reduce sentences or provide[] for judicial discretion so as to eliminate disparity of sentences and to promote uniformity of sentence[s]." The court stated that no postconviction conduct materials had been submitted. The court invited counsel to make additional arguments, and both parties submitted on their briefs. Noting defendant had stipulated to (1) the upper term for the robbery charge and (2) an aggregate sentence of 25 years for the robbery charge and related enhancements, the court "decline[d] to exercise its discretion" and struck the prior prison term enhancement but otherwise left the sentence unchanged, resulting in an aggregate sentence of 27 years. The court did not award any custody credit.

With respect to fines and fees, the trial court reduced the restitution fine (§ 1202.4, subd. (b)) and corresponding (suspended) parole revocation fine (§ 12022.44) associated with the 2005 conviction from $1,000 each to $200 each, finding it was in the interest of justice to do so. The court also vacated a $20 court security fee associated with the 2007 robbery conviction. (§ 1465.8, subd. (a)(1).)

## DISCUSSION

### I

### *Full Resentencing*

Defendant first argues the trial court erred in failing to grant him a full resentencing. He points to (1) the court's statement that it was "declin[ing] to exercise its

3

discretion," and (2) the court's explanation that it was doing so because the parties agreed to a 25-year sentence in the original plea deal for the robbery conviction. Defendant argues the trial court failed to reconsider "any aspect of the sentence imposed in 2007." He adds that these statements indicate the court misunderstood its discretion because it "either believed that it was bound by the plea agreement or because [it] did not want to exercise its mandatory discretion in light of the plea agreement."

Section 1172.75, which came into effect in 2022, generally invalidates sentence enhancements imposed under former section 667.5, subdivision (b), with some exceptions that are not relevant here. When presented with a person eligible for relief, a trial court shall "recall the sentence and resentence the defendant." (§ 1172.75, subd. (c).) The statute requires the court to apply the sentencing rules of the Judicial Council, as well as any other changes in law that reduce sentences or increase judicial discretion. (§ 1172.75, subd. (d)(2).) The court may also consider postconviction factors, such as a defendant's disciplinary record or record of rehabilitation. (§ 1172.75, subd. (d)(3).) As courts have explained, "[b]y its plain terms, section 1172.75 requires a full resentencing, not merely that the trial court strike the newly 'invalid' enhancements." (*People v. Monroe* (2022) 85 Cal.App.5th 393, 402.)

Although the trial court's findings were largely implied, the record makes clear that the court understood that all parts of defendant's sentence were at play under section 1172.75. The court received extensive briefing from both parties, with defendant arguing it was appropriate under section 1385 to strike the firearm enhancement and the prior serious felony enhancement. Defendant pointed to multiple mitigating circumstances set forth in the statute: (1) imposing the enhancements resulted in a sentence greater than 20 years, (2) multiple enhancements were alleged, and (3) the prior serious felony conviction was for a conviction over five years old. (§ 1385, subds. (c)(2)(C), (B), & (H).) During the hearing, the court made clear it had "read and considered" those briefs, indicating it was well aware of the issues at stake and its discretion in resentencing. Further, the court

4

stated it had considered the current sentencing rules and other changes that reduce sentences, and it reduced some fines and fees "in the interest of justice." While it is true that the court did not offer a detailed explanation as to why it was declining to exercise its discretion to strike the challenged enhancements beyond the fact that defendant had originally stipulated to his sentence, given the parties' extensive argument and the court's consideration of the matter, we may properly infer the court understood its discretion and impliedly found striking the challenged enhancements was not in the furtherance of justice and would endanger public safety. We find no error.

II

*Credits*

Defendant further contends the trial court erred in failing to award presentence and postsentence custody credits. The People concede the issue, and we agree.

Here, the trial court not only failed to award the 631 days of custody credit (549 actual days plus 82 days of conduct credit) originally awarded in 2007, it also failed to award credit for the time defendant spent in custody between the original sentencing in 2007 and the resentencing in 2022. A defendant is entitled to custody credit for the time between the original sentencing and resentencing. (§ 2900.1 [when a sentence that a defendant is currently serving is modified, the time already served shall be credited upon resentencing].) Both parties agree that the "postsentence" custody credits are 5,586 days,[2] meaning we must amend the judgment to award a total of 6,217 days of custody credit. (*People v. Buckhalter* (2001) 26 Cal.4th 20, 23 [when a resentencing occurs and results in modification of a felony sentence during the term of imprisonment, "the trial court must calculate the *actual time* the defendant has already served and credit that time against the 'subsequent sentence,' " but not award conduct credit].)

---

[2] Defendant was originally sentenced on June 28, 2007. He was resentenced on October 13, 2022.

## DISPOSITION

The judgment is modified to reflect a total of 6,217 days of custody credit. As modified, the judgment is affirmed. The trial court is directed to prepare an amended abstract of judgment and to forward a certified copy to the Department of Corrections and Rehabilitation.

_____/s/_____
Duarte, J.

We concur:

_____/s/_____
Robie, Acting P. J.

_____/s/_____
Ashworth, J. *

_____

\* Judge of the El Dorado County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

6